# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Larry McElhaney<br>46448 Carter Rd.<br>New Waterford, OH 44445<br><br>And<br><br>Tammy McElhaney<br>46448 Carter Rd.<br>New Waterford, OH 44445<br><br>     Plaintiffs,<br><br>v.<br><br>GC Services, LP<br>c/o CT Corporation System<br>1300 E. 9th St.<br>Cleveland, OH 44114<br><br>     Defendant. | Case No.:<br><br>Judge:<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Larry McElhaney ("Larry") is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Larry incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Tammy McElhaney ("Tammy") is Larry's lawful spouse.

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around May 11, 2009, Plaintiffs sent Defendant a letter via certified mail in which Plaintiffs requested verification of the debt and instructing Defendant to cease all communications regarding collection of the debt.

9. Defendant received Plaintiffs' letter on or around May 14, 2009.

10. Despite receipt of Plaintiffs' letter, on or around May 26, 2009, Defendant sent Plaintiffs a letter in an effort to collect the debt.

11. Despite receipt of Plaintiffs' letter, Defendant telephoned Plaintiffs at least 2 times thereafter.

12. On or around June 15, 2009, Defendant telephoned Plaintiffs and spoke to Tammy.

13. During this communication, Defendant spoke to Tammy in an abusive, oppressive, and/or obscene manner.

14. During this communication, Defendant falsely represented to Tammy that the original creditor would sue Plaintiffs.

15. During this communication, Defendant falsely represented that Plaintiffs would be charged additional attorneys' fees and court costs.

16. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiffs notwithstanding its receipt of written cease and desist instructions.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiffs.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

28. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiffs' written request.

## JURY DEMAND

30. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier
Jeffrey S. Hyslip
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
jsh@legalhelpers.com
*Attorneys for Plaintiff*